ARRIETA *v.* CORUJO.

APPEAL from the District Court of Arecibo.

No. 84.—Decided April 15, 1904.

COSTS.—A decision having been rendered in an action without special imposition of costs, the expenses incurred by both litigants must be defrayed by the

practicaron, sin que sea lícito hacer responsable de tales gastos á alguna persona que no haya sido parte en dicho juicio.

DAÑOS Y PERJUICIOS.—El hecho de que A recibiera indebidamente determinada cantidad de dinero de B. en concepto de tutor de C, y que éste demandara á B en cobro de esa misma cantidad, no puede servir de base á una reclamación de B contra A para que le indemnice los gastos que le irrogara el pleito que le interpusiera C, porque para ello es necessario depurar primeramente las responsibilidades de A, como tal tutor, y por que no es posible sostener que los daños que sufriera B fueran consecuencia directa de los actos ejecutados por A.

## EXPOSICIÓN DEL CASO.

*Vistos* estos autos de juicio declarativo, en cobro de pesos, promovidos en la Corte de Distrito de Arecibo, entre partes, de la una Don Miguel Arrieta y Dorregaray, representado y dirigido en esta Superioridad por el Letrado Don Jacinto Texidor, y de la otra Don José Ignacio Corujo y Arraez, representado y dirigido por el Letrado Don Félix Santoni; autos pendientes ante Nos en virtud de recurso de apelación interpuesto por el actor contra la sentencia pronunciada por la referida Corte, en 18 de Julio del año próximo pasado.

*Resultando:* que el presente es un pleito promovido por el recurrente contra el recurrido para cobrar cuatrocientos cuarenta y nueve pesos con cinco centavos, alegando el apelante que el apelado fué tutor de la menor de edad Serafina Curbelo, y que en un pleito entre esa menor y el apelante se incurrió en gastos que en conjunto montan á la cantidad mencionada.

*Resultando:* que el Señor Jacinto Texidor, en representación del recurrente, que fué el actor en el Tribunal Inferior, alegó en su demanda que su cliente el Señor Arrieta adquirió en el año 1888 de la Sucesión de Don Pablo José Curbelo y González, por medio de compra, una casa de mampostería situada en el pueblo de Camuy, la cual se describe minuciosamente; alega, además, que Doña Serafina Curbelo formaba parte de dicha sucesión, y que Don José Ignacio Corujo fué

person in whose name they were occasioned, and it is not lawful to make a person who is not a party to such action liable for such expenses.

DAMAGES.—The fact that A. improperly received from B. a certain sum of money in the capacity of guardian of C., and that the latter brought suit against B. for the recovery of said sum, cannot be made the basis of a claim by B. against A. for indemnity for the expenses entailed by the institution of a suit against him by C., since it is necessary, in order that this may be done, first to determine the liability of A., as such guardian, because it cannot be held that the damages suffered by B. were the direct consequence of the acts committed by A.

## STATEMENT OF THE CASE.

An examination has been made of the record in this declaratory action for the recovery of a sum of money, instituted in the District Court of Arecibo by Miguel Arrieta y Dorregaray, who was represented in this district court by Attorney Jacinto Texidor, against José Ignacio Corujo y Arraez, who was represented by Attorney Félix Santoni. The case is pending before us on an appeal taken by the plaintiff from the judgment rendered by the said court on the 18th day of July of the year 1903.

The present action was commenced by the plaintiff against the respondent for the recovery of the sum of four hundred and forty-nine *pesos* and five *centavos,* the appellant alleging that the respondent was the guardian of Serafina Curbelo, a minor, and that in the suit between said minor and appellant, expenses were incurred which in the aggregate amount to the sum above mentioned.

Attorney Jacinto Texidor, as counsel for the appellant, who was the plaintiff in the court below, alleged in the complaint that his client, Arrieta, acquired from the estate of Pablo José Curbelo y González, by purchase, a masonry house situated in the town of Camuy, which house is particularly described. He further alleged that Serafina Curbelo formed part of said estate, and that José Ignacio Corujo was her guardian, who received in said capacity from

su tutor, quien en ese concepto recibió del Señor Arrieta la
suma de doscientos cuarenta pesos, que con veinte pesos que
se dejaban en poder del Señor Arrieta para cubir gastos, for-
maban el valor del condominio que en la referida casa tenía
Doña Serafina Curbelo; que con fecha veinte y ocho de
Enero de mil ochocientos ochenta y ocho, Corujo firmó un
recibo á favor de Arrieta por la cantidad referida, expre-
sando en ese acto que lo hacía como tutor de Doña Serfina
Curbelo y por razón de la venta de la participación de esta
señorita en la casa de que se trata.

*Resultando* : que continuando la demanda, alega que el Sr.
Corujo no entregó nunca á su pupila, ó á quien le representara
después de cesar la tutela, la cantidad que percibió según el
referido recibo, y que subsiguientemente Doña Serafina Cur-
belo presentó ante el Juzgado Municipal de Camuy una deman-
da en juicio verbal contra Arrieta, reclamando el condominio
que en dicha propiedad creía tener; que él ofreció como prueba
el recibo firmado por Corujo, y que en este juicio el Sr.
Corujo maliciosamente expresó que no podía reconocer como
suya la firma de dicho documento, pues no recordaba haberlo
firmado ni autorizado, por cuya razón lo calificaba desde
luego de falso, y pidió al Juzgado se iniciara procedimiento
para esclarecer tal hecho; y aparece, además, que la sen-
tencia del Juzgado fué dictada contra Arrieta y éste inter-
puso apelación para ante el Tribunal de Distrito, cuya Corte
decidió que el Juzgado Municipal no era competente para
conocer de la causa y por este motivo revocó y anuló dicha
sentencia.

*Resultando* : que el abogado del actor alega además que á
consecuencia del juicio celebrado en el Juzgado Municipal y
de la apelación interpuesta contra la sentencia dictada, su
cliente se vió obligado á hacer gastos ascendentes á la referida
suma; que la firma que se dijo era de Corujo declararon
peritos ser la legítima de dicho Sr., y que éste, por su negli-
gencia inexcusable al no entregar á su pupila el dinero que

Arrieta the sum of two hundred and forty *pesos,* which, together with the sum of twenty *pesos* which was left in the hands of Arrieta to cover the expenses, constituted the value of the ownership held by Serafina Curbelo in the said house; that under date of January 28, 1888, Corujo signed a receipt in favor of Arrieta for the said amount, stating at that time that he did so as the guardian of Serafina Curbelo, and by reason of the sale of the share or interest of said minor in the house in question.

Continuing the complaint avers that Corujo never delivered to his ward, or to the person who represented her after the cessation of the guardianship, the sum which he received according to said receipt, and that subsequently Serafina Curbelo began a verbal suit against Arrieta in the municipal court of Camuy, claiming the co-ownership to which she believed herself entitled in said property; that Arrieta offered the receipt signed by Corujo as evidence, and that on this trial Corujo maliciously stated that he could not acknowledge the signature appearing upon said document as his signature since he did not remember having signed or authorized it, for which reason he characterized said document as false and requested the judge to institute proceedings in order to elucidate the facts. It further appears that the judgment of the said municipal court went against Arrieta, whereupon he took an appeal to the district court, which tribunal held that the municipal court had no jurisdiction of the cause, and therefore reversed and set aside said judgment.

Counsel for the plaintiff further avers that in consequence of the trial held in the municipal court and the appeal taken from the judgment rendered, his client has been forced to incur expenses amounting to the sum in question; that the signature which was alleged to be that of Corujo was declared by experts to be genuine; and that Corujo, through his inexcusable negligence in failing to deliver to his guard-

le correspondía, así como al negar su firma al pié del mencionado recibo, causó los gastos que hizo Arrieta con motivo del juicio; y por éstas razones Arrieta presenta demanda contra Corujo, con súplica de que se le condene al pago de la suma de cuatrocientos cuarenta y nueve dollars y cinco centavos por indemnización de daños y perjuicios con más las costas del juicio.

*Resultando*: que el Tribunal de Distrito de Arecibo consignó además como hechos los siguientes:

(a)   que conferido traslado de la demanda al demandado lo evacuó en su representación el Letrado Don Félix Santoni Rodríguez quien rechazó en absoluto las alegaciones del demandante, y además expuso: que el Sr. Corujo no había realizado acto alguno del cual se hubiese seguido daño ó perjuicio al Sr. Arrieta; si el Señor Arrieta ha pagado todos los gastos y costos á que se contrae su cuenta, dueño es de disponer como guste de sus bienes pagando tan excesivos como indebidos gastos y costos cuando no lo reclame á otra persona; y que Don Miguel Arrieta no solamente reclama daños no ocasionados por su patrocinado, sino que con una temeridad y mala fé sin ejemplo, ha atropellado al anciano Sr. Corujo con una embargo improcedente que pone de relieve toda la malicia con que se procede, por cuyo acto se propone reclamar daños y perjuicios, reservándole las acciones que procedan para en su  oportunidad ejercitarlas.

(b)   Que como fundamento de derecho citó la sentencia del Tribunal Supremo de Puerto Rico de treinta de Diciembre de mil ochocientos noventa y nueve, las disposiciones del Código Civil referentes á la culpa en los contratos y el modo de hacer efectivas las costas en un juicio, y terminó pidiendo se desestimara la demanda con las costas al demandante.

(c)   Que abierto el juicio á prueba, el demandante propuso. confesión judicial del demandado, documental consistente en certificación del juicio verbal seguido ante el Juzgado Municipal de Camuy por Doña Serafina Curbelo de Diaz contra Don Miguel Arrieta; certificación del Secretario del mismo juzgado, relativa á costas de varios exhortos: quince recibos autorizados por distintas personas sobre gastos irrogados al Sr. Arrieta en el expresado juicio verbal del Tribunal Municipal de Camuy; y recibo desglosado del referido juicio y firmado por el demandado Corujo, haciendo constar que éste recibió del Sr. Arrieta doscientos cuarenta pesos moneda corriente, du-

ian the money which belonged to her, as well as in denying his signature appearing at the bottom of the said receipt, occasioned the expenses incurred by Arrieta by reason of said trial, and for these reasons Arrieta brings his action against Corujo, praying that he be adjudged to make payment of the sum of $449.05 by way of indemnity for losses and damages, together with costs of suit.

The District Court of Arecibo also set forth the following facts:

"(a) The complaint having been referred to the defendant for his information, it was returned on his behalf by Attorney Felix Santoni Rodríguez, who specifically denied the allegations of the plaintiff, and further averred: That Corujo had not commited any act whatever by which Arrieta could have sustained loss or damage; that if Arrieta has paid all the expenses and costs referred to in his account, he has a right to dispose as he sees fit of his property in the payment of such excessive as well as undue expenses and costs when it is not claimed of any other person; and that Miguel Arrieta not only claims damages which were not occasioned by his client, but also, with unexampled obstinacy and bad faith, has committed an outrage against the aged Corujo by means of an unfounded attachment which evinces all the malice with which he is proceeding, as a result of which action he proposes to claim losses and damages, reserving the right to institute the proper actions in due time.

"(b) As legal grounds he cited the judgment of the Supreme Court of Porto Rico of December 30, 1899, the provisions of the Civil Code relative to fault in contracts and the manner of collecting the costs of a suit, and concluded requesting that the complaint be dismissed with costs against the complainant.

"(c) The case having been opened for the taking of evidence, the plaintiff proposed: The judicial confession of the defendant, documentary evidence consisting of a certified copy of the verbal proceedings prosecuted in the municipal court of Camuy by Serafina Curbelo de Díaz against Miguel Arrieta; a certificate of the clerk of said court relative to the costs of various letters rogatory; fifteen receipts given by different persons with regard to expenses incurred by Mr. Arrieta in said verbal proceedings in the municipal court of Camuy; a detached receipt of said proceedings signed by the defendant Corujo stating that the latter received from Arrieta

rante la minoría de Doña Serafina Curbelo y á nombre de ésta, cuyo recibo declaró ser falso el Sr. Corujo en el juicio verbal que se falló por el Juzgado Municipal de Camuy; y cotejo de letra de los otros recibos, que fué propuesto con carácter subsidiario y no se llegó á practicar por innecesario.

(d)   Que á su vez el demandado propuso como prueba confesión del Señor Arrieta, testifical de los Señores Peruchet y Lamir, y documental consistente en certificación de la parte dispositiva de la sentencia dictada en la apelación del juicio verbal seguido en Camuy, y certificación negativa de no haberse practicado tasación de costas en el tantas veces repetido juicio verbal, así como de que el Letrado Don Elpidio de los Santos no intervino como defensor del Señor Arrieta en la tramitación de dicho juicio verbal.

(e)   Que practicado el juicio oral, prevenido por la Orden General No. 118 de mil ochocientos noventa y nueve, con asistencia de los letrados representantes de las partes, practicóse la prueba propuesta, y el Sr. Corujo al absolver posiciones manifestó la imposibilidad física en que se encontraba dada su avanzada edad de noventa y tres años de ver el documento que á petición del Letrado del demandante se le puso de manifiesto, y cuyo documento era el recibo en que aparecía haber recibido del Sr. Arrieta doscientos cuarenta pesos moneda corriente, cuando era menor Doña Serafina Curbelo y cuya autenticidad había negado el mismo Corujo en el juicio verbal seguido en Camuy por la Curbelo contra Arrieta por cuyo motivo el Letrado representante del Sr. Arrieta renunció á la prueba de confesión judicial: el Sr. Arrieta absolvió posiciones del representante del demandado, y también declaró el testigo Peruchet después de lo cual los respectivos Letrados informaron de acuerdo con sus escritos de demanda y contestación, terminados los cuales el Tribunal en audiencia pública votó esta sentencia por unanimidad de los Sres. Jueces. habiéndose observado en la tramitación del pleito las formalidades prevenidas por la ley.

· *Resultando* que contra la sentencia dictada por dicho Tribunal de Distrito, se interpuso, en debida forma, recurso de apelación para ante esta Suprema Corte y en 10 de Febrero último tuvo lugar la vista de dicho recurso con asistencia de los Letrados de ambas partes.

Abogado del apelante: *Sr. Texidor.*

Abogado del apelado: *Sr. Santoni.*

two hundred and forty *pesos* in current coin during the minority of Serafina Curbelo, and in her name, which receipt was declared false by Corujo in the verbal action decided by the municipal court of Camuy; a comparison of the handwriting in other receipts, which was incidentally proposed and was not carried out for the reason that it was unnecessary.

" (d) The defendant in turn proposed as evidence the confession of Arrieta, the testimony of the witnesses Peruchet and Lamir, documentary evidence consisting of a certified copy of the adjudging portion of the judgment rendered on the appeal of the verbal action instituted in Camuy, and a certificate denying that there had been any taxation of costs in the said verbal action, as well as to the effect that Attorney Elpidio de los Santos did not intervene as counsel for Arrieta in the prosecution of said verbal action.

" (e) The oral trial prescribed by General Order No. 118 of 1899 having been had, at which counsel for the respective parties were present, the proposed evidence was taken and Corujo, in reply to questions, stated that owing to his advanced age of ninety-three years it was physically impossible for him to see the document submitted to him for inspection at the request of the attorney for the defendant, which document was a receipt showing that he had received from Arrieta two hundred and forty *pesos* in the current coin while Serafina Curbelo was a minor, and the genuiness of which the said Corujo had denied in the verbal action instituted in Camuy by Curbelo against Arrieta, for which reason counsel for Arrieta waived the evidence of judicial confession. Arrieta was also interrogated, and the witness Peruchet likewise testified, whereupon the respective counsel submitted arguments in accordance with the complaint and answer, upon the conclusion of which the court, in public session, voted in favor of this judgment with the unanimous approval of the judges, the prescribed legal formalities having been observed in the conduct of the proceedings."

From the judgment rendered by the said district court an appeal was taken to this Supreme Court in due form, and on the 10th day of February last the hearing of said appeal took place with the attorneys for both parties present.

*Mr. Texidor,* for appellant.
*Mr. Santoni,* for respondent.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando* que en su sentencia el Tribunal de Distrito consignó los siguientes fundamentos de ley, a saber:

(a)    Que la cuestión planteada por las partes en este litigio se limita á determinar si los gastos sufragados por el demandante Arrieta en el juicio verbal seguido ante el Tribunal Municipal de Camuy en Diciembre de mil novecientos dos, cuyo juicio se falló en apelación sin especial condenación de costas, por Doña Serafina Cúrbelo de Diaz contra el citado Arrieta, debe pagarlo en definitiva Don Ignacio Corujo que fué en un tiempo tutor de Doña Serafina Curbelo y hoy es demandado ante esta Corte de Distrito.

(b)    Que habiéndose fallado el juicio de la Curbelo con Arrieta sin especial condenación de costas, los gastos sufragados por ambos colitigantes son de cuenta de aquél en cuyo nombre se practicaron, sin que sea lícito afirmar que nadie que no sea el propio interesado está en el deber de responder de ellos.

(c)    Que si el demandado Corujo no fué parte en el juicio verbal seguido ante el Juzgado Municipal de Camuy, ni se dirigió contra él acción alguna, es improcedente sostener que pueda por ningún concepto responder de gastos que hubieran podido irrogarse á ninguno de los colitigantes con motivo del ejercicio de sus respectivas acciones.

(d)    Que el hecho de que Don José Ignacio Corujo hubiera recibido indebidamente de Don Miguel Arrieta determinada cantidad en el concepto de tutor de Doña Serafina Curbelo, cuyo hecho ha dado lugar á que ésta se haya visto obligada á demandar al citado Don Miguel Arrieta ante el Juez Municipal de Camuy, no arguye el que el citado Corujo tenga que pagar los gastos originados á Arrieta con la demanda que le instó la Curbelo, ni en concepto de costas, ni en el de indemnización de daños y perjuicios; lo primero porque Corujo no fué parte en el juicio y porque éste se falló sin especial condenación de costas; y lo segundo, porque la obligación de indemnizar daños y perjuicios es siempre subsidiaria y no se ha seguido ningún procedimiento judicial ante los Tribunales de Justicia para esclarecer la responsabilidad de Corujo como tutor, máxime cuando éste tiene negada la autenticidad del documento en que aparece haber recibido dinero de Arrieta á nombre de Doña Serafina Curbelo.

MR. JUSTICE MACLEARY, after stating the foregoing facts, delivered the opinion of the court.

The district court set out in its judgment the following conclusions of law, to wit:

" (a)   That the question raised by the parties to this suit is limited to determining whether the expenses incurred by the plaintiff Arrieta in the verbal action instituted in the municipal court of Camuy, in December, 1902, by Serafina Curbelo de Diaz against said Arrieta, which case was decided on appeal without special imposition of costs, should be finally paid by Ignacio Corujo, who was at one time the guardian of Serafina Curbelo, and is now the defendant in this district court.

" (b)   That the action of Curbelo against Arrieta having been decided without special imposition of costs, the expenses incurred by both litigants are to be paid by the one in whose name they were contracted, and it cannot be legally asserted that any one except the interested party himself is under the obligation of meeting the same.

" (c)   That if the defendant Corujo was not a party to the verbal proceeding instituted in the municipal court of Camuy, and no action whatever was directed against him, it is not proper to hold that he can in any wise be held liable for expenses which may have been incurred by any of the litigants by reason of the maintenance of their respective actions.

" (d)   That the fact that José Ignacio Corujo may have improperly received from Miguel Arrieta a certain sum of money as the guardian of Serafina Curbelo, which fact has made it necessary for the latter to bring suit against the said Miguel Arrieta before the municipal judge of Camuy, does not argue that the said Corujo must pay the expenses incurred by Arrieta by reason of the suit brought against him by Curbelo, either as costs or as compensation for damages, first, because Corujo was not a party to the suit and the same was decided without special imposition of costs; and, second, because the obligation to indemnify for losses and damages is always subsidiary and no proceeding had been instituted in the courts of justice to determine the liability of Corujo as guardian, especially when the latter has denied the genuineness of the document in which it appears that he received money from Arrieta in the name of Serafina Curbelo."

*Considerando* que además de las razones dadas por el Tribunal de distrito de Arecibo, para este fallo, las que se aprueban, aparece claro que el primer fundamento en que se basa el pleito, ó sea, que el Sr. Corujo no pagó el dinero á su pupila, no puede considerarse como base de una reclamación por daños, pues no hay nada que demuestre que ésta fué la causa directa de los mismos, ó en otros términos, los daños eran demasiado remotos, para fundarse en tal causa, y el actor, la Curbelo, bien podría haber presentado demanda para la propiedad, aún en el caso de que el dinero se le hubiese pagado, y es posible que á sabiendas de que el dinero había sido pagado, y á pesar de tal conocimiento, presentó la demanda.

*Considerando* que el segundo fundamento en que está basada la demanda, ó sea, que el Sr. Corujo negó la firma al pié del recibo, ha sido explicado ampliamente por él, al manifestar que en vista de su avanzada edad no podía leer el recibo, y que debido al mucho tiempo, desde la fecha en que se expidió, no podía recordar las circunstancias; cuyas excusas ambas son muy razonables, máxime tratándose de un hombre que contaba noventa y tres años.

*Considerando* que aprobamos enteramente los preceptos de Ley enunciados por la Corte de Distrito como reguladores de esta causa, y somos de la opinión que dicha Corte no incurrió en error al dictar la sentencia pronunciada en 18 de Julio último.

*Fallamos* que debemos confirmar, y confirmamos, la sentencia contra la cual se ha interpuesto el presente recurso de apelación con las costas al recurrente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

In addition to the reasons given for this decision by the District Court of Arecibo, which reasons are approved, it is clear that the first ground on which the suit is predicated, namely, that Corujo did not pay the money to his guardian, the same cannot be considered as the basis of a claim for damages since there is nothing tending to show that the latter was the direct cause of the same; or, in other words, the damages were too remote to be based upon such cause, and that plaintiff, Miss Curbelo, could very well have brought suit for the property, even if the money had been paid to her, and it is possible that she did bring suit with knowledge of the fact that the money had been paid, and in spite of such knowledge. The second ground on which the action is based, namely, that Mr. Corujo denied the signature at the bottom of the receipt, was fully explained by him in stating that he was unable to read the receipt on account of his advanced age, and that he could not recall the circumstances owing to the time which had elapsed since the day upon which it was issued. Both excuses are very reasonable, especially in the case of a man ninety-three years of age.

We fully approve the principles of law announced by the district court as controlling in this case, and are of the opinion that said court did not err in rendering the judgment entered on July 18, 1903.

We adjudge that we ought to affirm and do affirm the judgment from which the present appeal was prosecuted, with costs against the respondents.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.